UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NIKHIL BODHANKAR,

                               **Plaintiff,**

  vs.                                                  1:19-CV-706
                                                            (MAD/CFH)

**UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,**

                                 **Defendant.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**NIKHIL BODHANKAR**
Plaintiff, *pro se*

**UNITED STATES**                           **JACOB M. WEINTRAUB, ESQ.**
**DEPARTMENT OF JUSTICE**          **SAMUEL GO, ESQ.**
P.O. Box 868
Ben Franklin Station
Washington, District of Columbia 20044
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

# MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

    Plaintiff, Nikhil Bodhankar ("Plaintiff"), commenced this action against the United States Citizenship and Immigration Services ("USCIS" or "Defendant") on June 6, 2019, pursuant to the Immigration and Nationality Act (the "INA") and the Administrative Procedure Act (the "APA"). *See* Dkt. No. 1. Plaintiff appeals from a decision of the USCIS Administrative Appeals Office (the "AAO"), which affirmed the denial of his application to be classified as an alien with extraordinary ability under 8 U.S.C. § 1153(b)(1)(A). *See id.* at ¶¶ 5, 11. On November 14, 2019,

Plaintiff moved for summary judgment. *See* Dkt. No. 17. Defendant cross-moved for summary judgment on November 15, 2019. *See* Dkt. No. 20. For the following reasons, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

## II. BACKGROUND

In May 2017, Plaintiff's employer filed an employment-based immigrant visa petition with USCIS, seeking to have Plaintiff classified as an alien of extraordinary ability. *See* Dkt. No. 1 at ¶ 5. At the time of the initial petition, Plaintiff, a citizen of India, worked as a senior electrical engineer and project manager for a local architecture and engineering firm. *See* Administrative Transcript ("Tr.") at 3, 60. Plaintiff has worked in the field of electrical engineering for over ten years. *See id.* at 163-64. In March 2018, USCIS Nebraska Service Center issued a request for evidence, to which Plaintiff responded. *See* Dkt. No. 1 at ¶¶ 6-7. On July 3, 2018, USCIS denied the petition. *See id.* at ¶ 8. The basis of that denial was that Plaintiff met only one out of the three minimum criteria set forth in 8 C.F.R. § 204.5(h)(3) ("Section 204.5"), and was ineligible for a final merits determination. *See id.* at ¶ 9. Plaintiff's employer appealed the decision to the AAO. *See id.* at ¶ 10. On April 30, 2019, the AAO dismissed the appeal. *See id.* at ¶ 11. The AAO found that, while Plaintiff did meet at least three of the minimum criteria set forth in Section 204.5, the totality of the evidence was not sufficient to establish that Plaintiff had risen to the very top of his field and had sustained national or international acclaim. *See id.* at ¶¶ 12-13. Plaintiff now alleges that the AAO's denial of his appeal was arbitrary and capricious. *See id.* at ¶ 33.

## III. DISCUSSION

A. **Legal Standard**

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue

warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleading. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)). In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted).

"Where, as here, a party seeks judicial review of agency action, summary judgment is appropriate, since 'whether an agency action is supported by the administrative record and consistent with the APA standard of review' is decided 'as a matter of law.'" *Residents of Sane Trash Solutions, Inc. v. United States Army Corps of Eng'rs*, 31 F. Supp. 3d 571, 586 (S.D.N.Y. 2014) (quoting *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 104 (2d Cir. 2011)). "[J]udicial review of a denial of a visa petition is narrowly circumscribed and limited to whether the decision of the INS was arbitrary, capricious or an abuse of discretion." *Fedin Bros. Co., Ltd. v. Sava*, 724 F. Supp. 1103, 1105 (E.D.N.Y. 1989) (citing 5 U.S.C. § 706(2)(A); *Pancho Villa Restaurant, Inc. v. United States Department of Labor*, 796 F.2d 596, 597 (2d Cir. 1986)). "Under this standard, reversal would require that th[e] [c]ourt find that no reasonable fact finder could have come to the USCIS's erroneous conclusion." *Hristov v. Roark*, No. 09-CV-2731, 2011 WL 4711885, *3 (E.D.N.Y. Sept. 30, 2011) (citing *INS v. Zacarias*, 502 U.S. 478, 481 (1992) (other citation omitted)). "The scope of review under the 'arbitrary and capricious' standard is

narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). "The APA requires courts to 'hold unlawful and set aside agency action, findings, and conclusions' that are 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,' or 'unsupported by substantial evidence.'" *Chursov v. Miller*, No. 18-CV-2886, 2019 WL 2085199, *3 (S.D.N.Y. May 13, 2019) (quoting 5 U.S.C. § 706(2)(A), (E)). Substantial evidence is only "more than a mere scintilla" or evidence. *See United States v. International Bhd. of Teamsters*, 120 F.3d 341, 346 (2d Cir. 1997) (internal citation omitted).

**B.     Alien with Extraordinary Ability**

In the instant action, Plaintiff sought preferential classification as an alien with extraordinary ability under Title 8, United States Code, Section 1153(B)(1)(A). *See* Dkt. No. 17-2 at 2. This classification is intended for individuals who have "risen to the very top of the field of endeavor." *See* 8 C.F.R. § 204.5(h)(2). USCIS grants visas to individuals with "extraordinary ability in the sciences, arts, education, business, or athletics which has been demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation." 8 U.S.C. § 1153(b)(1)(A)(i). Applicants must also demonstrate that they "seek[ ] to enter the United States to continue work in the area of extraordinary ability" and that their "entry into the United States will substantially benefit prospectively the United States." *Id.* at § 1153(b)(1)(A)(ii), (iii). To be found to have extraordinary abilities, the petitioner must submit evidence establishing that he or she "has sustained national or international acclaim and that his or her achievements have been recognized in the field of expertise." *See id.* at § 204.5(h)(3). Such evidence shall include evidence of a one-

4

time achievement, such as a major internationally recognized award, or at least three of the following:

> (i) Documentation of the alien's receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor;
>
> (ii) Documentation of the alien's membership in associations in the field for which classification is sought, which require outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or fields;
>
> (iii) Published material about the alien in professional or major trade publications or other major media, relating to the alien's work in the field for which classification is sought. Such evidence shall include the title, date, and author of the material, and any necessary translation;
>
> (iv) Evidence of the alien's participation, either individually or on a panel, as a judge of the work of others in the same or an applied field of specification for which classification is sought;
>
> (v) Evidence of the alien's original scientific, scholarly, artistic, athletic, or business-related contributions of major significance in the field;
>
> (vi) Evidence of the alien's authorship of scholarly articles in the field, in professional or major trade publications or other major media;
>
> (vii) Evidence of the display of the alien's work in the field at artistic exhibitions or showcases;
>
> (viii) Evidence that the alien has performed in a leading or critical role for organizations or establishments that have a distinguished reputation;
>
> (ix) Evidence that the alien has commanded a high salary or other significantly high remuneration for services, in relation to others in the field; or
>
> (x) Evidence of commercial successes in the performing arts, as shown by box office receipts or record, cassette, compact disk, or video sales.

*Id.* at § 204.5(h)(3)(i)-(x).

"If [an alien] has submitted the requisite evidence, USCIS determines whether the evidence demonstrates both a 'level of expertise indicating that the individual is one of that small percentage who have risen to the very top of their field of endeavor' and 'that the alien has sustained national or international acclaim and that his or her achievements have been recognized in the field of expertise.'" *Kazarian v. US Citizenship & Immigration Servs.*, 596 F.3d 1115, 1119-20 (9th Cir. 2010) (internal citations and alterations omitted); *see also Noroozi v. Napolitano*, 905 F. Supp. 2d 535, 539 (S.D.N.Y. 2012). If the USCIS officer determines that the alien has not met these requirements, "the [] officer should not merely make general assertions regarding this failure. Rather the [] officer must articulate the specific reasons as to why the [] officer concludes that the petitioner, by a preponderance of the evidence, has not demonstrated that the alien is an alien of extraordinary ability[.]" *See* U.S Citizenship and Immigration Services, PM-602-0005.1, Evaluation of Evidence Submitted with Certain Form I-140 Petitions: Revisions to the *Adjudicator's Field Manual (AFM)* Chapter 22, *AFM* Update AD11-14 ("AFM Update AD11-14"), *14 (2010).

**C.     Present Motions**

Here, the AAO determined that Plaintiff met at least three of the criteria detailed in 8 C.F.R. § 204.5(h)(3): judging, scholarly articles, and high salary. *See* Tr. at 6. However, the AAO noted that the issue was whether Plaintiff established that he is "one of the small percentage who has risen to the very top of his field and that he has sustained national or international acclaim under 8 C.F.R. § 204.5(h)(2)-(3)." *Id.* The AAO determined that, while Plaintiff had established that he received awards for his work in his field, he had not established that the awards received resulted in national or international acclaim. *Id.*

In his motion, Plaintiff argues that the AAO incorrectly weighed the evidence of Plaintiff's awards.[1] *See* Dkt. No. 17-2 at 6-8. Plaintiff also argues that the evidence establishes that he has risen to the very top of his field, and, thus, the AAO's decision to the contrary is arbitrary, capricious, and an abuse of discretion. *See id.* at 6. Plaintiff argues that the AAO failed to consider that the awards he has received and the letters written on his behalf establish that he has risen to the top of his field and sustained national acclaim. *See id.* at 12-15; Dkt. No. 26-1 at 3-11. Finally, Plaintiff argues that the AAO erroneously concluded that he did not meet various criteria under Section 204.5(h)(3). *See* Dkt. No. 17-2 at 7, 9-12.

In opposition, Defendant argues that Plaintiff's petition was not denied because he failed to meet the required criteria. *See* Dkt. No. 20-1 at 24-25, 27-29; Dkt. No. 24-1 at 25-27. Rather, the AAO found that, when looking at the totality of the evidence, Plaintiff failed to demonstrate that he had sustained national or international acclaim and that he had risen to the very top of his field. *See id.* Thus, Defendant argues, because the AAO conducted the appropriate analysis and its decision is supported by substantial evidence, Plaintiff's claim must be dismissed. *See* Dkt. No. 24-1 at 29.

**D.    The AAO's Decision**

As previously mentioned, the AAO found, and Defendant agrees, that Plaintiff meets the criteria for judging, scholarly articles, and high salary. *See* Tr. at 5; Dkt. No. 20-1 at 20. The AAO then proceeded to the final merits determination and assessed whether the totality of the evidence provided demonstrated sustained national or international acclaim and that Plaintiff is

---

[1] Plaintiff also argues that USCIS adjudicators do not have sufficient expertise in his field to adjudicate his visa petition. *See* Dkt. No. 26-1 at 12. However, USCIS has long been entitled to deference out of "respect for the [USCIS's] expertise in interpreting and administering the INA." *Delgado v. Immigration & Naturalization Service*, 473 F. Supp. 1343, 1348 (S.D.N.Y. 1979).

7

among the small percentage at the very top of the field of endeavor.² *See Kazarian*, 596 F.3d at 1119; Tr. at 6.

In the final merits determination, the AAO found that Plaintiff had failed to demonstrate that he has sustained national or international acclaim in his field and that he is one of the small percentage who has risen to the very top of his field. *See* Tr. at 6. The AAO examined evidence of his awards, membership in professional organizations, contributions to his field, scholarly writing, role in the growth of his employer's business, and his salary. *See id.* at 4-6. In making its determination, the AAO detailed its findings as to the relevant evidence. *See id.* Specifically, the AAO noted that while the awards received by Plaintiff were, in some instances, given by national organizations, they did not establish national or international acclaim. *See id.* at 4. The AAO also noted that Plaintiff's membership in professional organizations and his contributions to the field, while notable, did not establish the required level of acclaim. *See id.* at 4-5. Additionally, although Plaintiff met the criteria of scholarly articles, the AAO found that the approximately ten-year gap between his petition and his last scholarly publication is not consistent with sustained national or international acclaim. *See id.* at 6. With respect to Plaintiff's claim that he played a leading or critical role for an organization that has a distinguished reputation, the AAO found that he failed to demonstrate how these successes have resulted in national or international acclaim. *See id.* Finally, the AAO noted that Plaintiff does earn a higher salary than others in his field, but that he failed to submit evidence demonstrating that his earnings are so high as to reflect that he has risen to the very top of his field. *See id.* Ultimately the AAO found that the evidence in each

---

² Having found that Plaintiff met at least three of the criteria, the AAO did not make a determination as to whether Plaintiff met the regulatory criteria for the other grounds advanced in his appeal. *See* Tr. at 4. Rather, the AAO looked at the totality evidence of the other criteria in its final merits determination. *See id.*

instance was not consistent with someone who has sustained national or international acclaim and who has risen to the very top of his field. *See id.*

E. **Application**

In his motion, Plaintiff argues that the AAO erroneously found that he did not meet the criteria for receipt of lesser nationally or internationally recognized prizes or awards for excellence, membership in a highly selective organization, original contributions of major significance, publications about the alien in major trade publications or other major media, and leading or critical role. *See* Dkt. No. 17-2 at 7, 9-12; 8 C.F.R. § 204.5(h)(3)(i),(ii), (iii), (v), (viii). Plaintiff essentially argues that because he demonstrated that he met at least three of the ten criteria, that he must be deemed an alien with extraordinary ability. *See* Dkt. No. 29 at 14. However, as discussed above, the law requires that USCIS do a final merits determination based on the totality of the evidence after the alien establishes that he meets at least three of the criteria listed in Section 204.5. *See Kazarian*, 596 F.3d at 1119. As discussed, the AAO found that Plaintiff met the minimum number of criteria, but denied his petition because it found, when looking at the totality of the evidence, that the evidence did not indicate that Plaintiff had sustained national or international acclaim and that he had risen to the very top of his field. *See* Tr. at 6. However, the Court will consider each of the criteria advanced by Plaintiff in determining whether the AAO's final merits determination is supported by substantial evidence. In the alternative, Plaintiff argues that USCIS disregarded relevant evidence leading to a flawed denial of his petition.[3] *See* Dkt. No. 29 at 17.

---

[3] Plaintiff frequently claims that the AAO disregarded letters sent in support of his petition. *See* Dkt. No. 17-2 at 3, 12-15; Dkt. No. 26-1 at 5-10. However, the AAO explicitly noted that, while only a small sampling of letters were discussed, all of the letters were reviewed. *See* Tr. at 5.

The evidence involving the awards that Plaintiff has received and his membership in exclusive associations is insufficient to conclude that Plaintiff has sustained national or international acclaim. *See* Tr. at 4-5. As the AAO noted, awards by a national organization does not necessarily establish national or international acclaim. *See* AFM Update AD11-14 at *7. The organizations of which Plaintiff is a member admit such a high number of members that it is not consistent with the proposition that membership is limited only to those who have reach the very top of their field. *See* Tr. at 44-45. Additionally, while the publications provided make mention of Plaintiff, few are dedicated to Plaintiff's accomplishments. *See id.* at 756-828. As the AAO noted, this lack of press about Plaintiff is not consistent with national or international acclaim. *See id.* at 4. Letters written on Plaintiff's behalf describe Plaintiff's contributions to the field as original and unique, yet they fail to establish that they resulted in significant acclaim.[4] *See id.* at 127-35. Undoubtedly, Plaintiff's dedication and abilities have led to growth of his employer's business and have been recognized by individuals associated with the organization. *See id.* at 130-31. However, the record does not indicate that his work to develop the organization has resulted in national or international acclaim. Finally, while Plaintiff's salary is high, it is not so high as to indicate that he has risen to the very top of his field. When viewed in its totality, the evidence indicates that Plaintiff has achieved great success. However, a reasonable person could find, as the AAO did, that Plaintiff has not established that he meets the highly restrictive definition of extraordinary ability.

---

[4] The Court notes that letters provided in support of an alien's petition, while helpful in making a final merits determination, are not to be the sole ground upon which a visa is granted. Evidence of the alien's renown generated before the alien's application is often more probative of national or international acclaim. *See* AFM Update AD11-14 at *8-9.

As discussed above, the Court's role in determining the present motion is to review the AAO's decision under the narrow arbitrary and capricious standard – it is not to substitute its own judgement for that of the agency. *See Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43. The AAO's lengthy discussion of the evidence, complete with examples from the record, demonstrate that it engaged in a reasoned decision-making process that was not arbitrary, capricious, or an abuse of discretion and reached a conclusion that is supported by substantial evidence. Accordingly, the Court grants Defendant's motion for summary judgment and denies Plaintiff's motion.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Plaintiff's motion for summary judgment (Dkt. No. 17) is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 20) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 18, 2020
      Albany, New York

Mae A. D'Agostino
U.S. District Judge